## CIRCUIT COURT OF ROCKINGHAM COUNTY

In re Petition of
Catherine Ruth Custer
for Reinstatement of
Restricted Driver's License

March 20, 1998

BY JUDGE JOHN J. MCGRATH, JR.

Petitioner applies to the Court pursuant to § 46.2-391 of the Code of Virginia for a restricted driver's license and avers that she was adjudicated an habitual offender by the Circuit Court of Rockingham County on September 9, 1992. However, because of appeals, this Habitual Offender Order did not become final until July 31, 1995. The Commonwealth's Attorney asserts that because her license was not surrendered until July 31, 1995, according to § 46.2-414 of the Code of Virginia, the effective date of her declaration as an habitual offender must be calculated from July 31, 1995. Therefore, it is the Commonwealth's position that she does not meet the statutorily-mandated three-year waiting period set forth in § 46.2-360(2), and, therefore, the petition should be dismissed.

The petitioner asserts that, pursuant to the provisions of the last paragraph of § 46.2-360(2), she is entitled to credit for an eleven-month period in which her license was administratively suspended by the Department of Motor Vehicles (DMV) for a DUI second or subsequent offense. The Commonwealth, on the other hand, asserts that the driving record does not indicate that she at any time was administratively revoked by the Department of Motor Vehicles for a second or subsequent DUI offense, and, therefore, she is not entitled to any credit pursuant to this provision of § 46.2-360 of the Code of Virginia.

The driving record of the petitioner that has been submitted by the Commonwealth shows that on February 26, 1992, she was convicted in the General District Court of Rockingham County of driving while intoxicated, second offense. Further, the DMV record shows that her license was revoked apparently by the DMV on March 16, 1992 (18 days after her conviction), and such revocation was to run through August 23, 1992. The only conclusion

that can be drawn from this DMV record is that the "revocation" which was issued on March 16, 1992, was an administrative revocation initiated by the Commissioner of the Department of Motor Vehicles pursuant to § 46.2-389(2) of the Code of Virginia which requires, *inter alia*, an automatic administrative suspension of a driver's license for any individual convicted of violating § 18.2-266 of the Code of Virginia.

Therefore, within the plain meaning of § 46.2-360, the petitioner is entitled to credit towards the three-year period required in the statute for any time for which she was administratively revoked pursuant to § 46.2-391 of the Code of Virginia for a DUI second or subsequent offense prior to her being declared an habitual offender. It appears clear from the record that she was administratively revoked for a five-and-a-half month period of time from March 16, 1992, to August 23, 1992. She, therefore, is entitled to credit for that five-and-a-half month period of time, and, when that five-and-a-half month period of time is added to the thirty-two-and-a-half month period that has transpired since her declaration as an habitual offender, the petitioner meets the requisite three-year (or thirty-six month) waiting period. *See Burke v. Commonwealth* (Cir. Ct. Fauquier County, At Law No. CL94-342, April 21, 1995) (Robertson, Judge).

This case, as with the companion *Burns* case, raises, however, a question of the appropriate interpretation of the impact of the waiting periods contained in § 46.2-360 of the Code of Virginia. This Section of the Code provides that a petitioner may "petition the court once the three or five year period has lapsed from the date of the final order of the court entered under this Article." There is an ambiguity of whether the Petition may be filed at any time so long as the unrestricted license is not granted within the statutorily-required waiting period or whether the Petition cannot be filed until the three-year or five-year waiting period has passed.

Although the statute is ambiguous on this point, it is this Court's reading that in the future, it will interpret the provisions of § 46.2-360 to provide that the requisite three-year or five-year waiting period, including any credits given for administrative revocations under § 46.2-391, are a restriction upon *the date on which the petition may be filed with the Clerk of the Court.* Therefore, in the future if such petitions are filed before the expiration of the statutorily-mandated minimum waiting period, they will be dismissed as prematurely filed and the petitioner will be required to file a new petition after the requisite period of time has elapsed.

Mr. Overton is instructed to draft a standard restricted license form and obtain the endorsement of the Commonwealth's Attorney.